IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ADAM TRAVIS CROUSE, | * |
| Plaintiff, | * |
| v. | * |
| | Civil Action No. JKB-21-3104 |
| OFFICER RYAN ALBA, | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Adam Travis Crouse filed this civil rights action, followed by an Amended Complaint, bringing claims against Defendant Officer Ryan Alba for injuries suffered at the time of his arrest.[1] ECF Nos. 1, 4. In response, Alba filed a Motion to Dismiss asserting that Crouse is barred from pursuing a claim of excessive force because Crouse admitted to inconsistent facts in the plea agreement in his criminal cases, and has otherwise failed to state a claim. ECF Nos. 14, 14-1. In his response, Crouse reasserts his allegations. ECF No. 16. The Court finds that the matter has been fully briefed and a hearing is unnecessary. *See* Local Rule 105.6. (D. Md. 2023). For the reasons explained below, Alba's Motion to Dismiss will be denied in part and granted in part, and he will be directed to answer the Amended Complaint.

## I. Background

### A. Crouse's allegations

Crouse's Amended Complaint is the operative pleading. ECF No. 4. He states that the incident in question took place on September 21, 2020. *Id.* at 3. On that date, Crouse pulled into the Walmart in Fallston, Maryland, and then went into the store to cash in his coins at the "coin

---

[1] Counsel notes that Defendant's correct name is Brian Alba. ECF No. 14 at 1 n. 1. The Clerk will be directed to revise the caption accordingly.

star machine." ECF No. 4-1 at 1. He states that when he was walking back to his car he was "struck by a cop that was hiding behind a car knocking me to the ground." *Id.* Crouse hit his head and Alba beat him until he was bleeding. *Id.* He was "knocked" out and has a shirt from the incident that is covered in blood. *Id.* Crouse alleges that Alba used excessive force, and denied him medical attention. *Id.* Further, Crouse alleges that he suffered defamation of character, there was improper training, and he was not read his "rights." *Id.*; ECF No. 4 at 2.

### B. Defendant Alba's Motion to Dismiss

In the Motion to Dismiss, counsel clarifies that the events transpired on June 17, 2020, not September 21, 2020 as alleged by Crouse. ECF No. 14-1 at 2; *see also* ECF No. 14-2 at 17. Further, Crouse was criminally charged for events that took place at Walmart on June 17, 2020. *See State v. Crouse*, Case No. C-12-CR-20-000537 (Cir. Ct. for Harford Cnty.), available at https://casesearch.courts.state.md.us/casesearch (last visited August 10, 2023).

Alba provided the Court with the transcript from a plea hearing that took place in the criminal matter on March 21, 2022.[2] ECF No. 14-2. Alba also provided the transcript from a April 8, 2022 sentencing hearing. ECF Nos. 14-3.[3]

At the plea hearing, the presiding judge indicated the facts will be "presented by the State." ECF No. 14-2 at 10. The prosecuting attorney then provided the facts in support of Crouse's plea of guilty to the particular events at issue here, as follows:

> ... Deputy Alba of the Sheriff's Office was dispatched to 517 (sic) Sellrus Court in Fallston for the report of a motor vehicle theft.

---

[2] The transcript from the plea hearing mistakenly notes the date of the hearing as October 20, 2014 on the cover page. ECF No. 14-2 at 2. The transcript from the sentencing hearing notes what appears to be the correct date of the plea agreement, which is March 21, 2022. ECF No. 14-3 at 3.

[3] As discussed in more detail below, the Court will take judicial notice of the transcripts.

>While en route, Deputy Alba was advised the stolen vehicle was seen at the Fallston Wal-Mart located at 303 Fallston Boulevard, where a caller advised that a male subject fell out of the vehicle, left the doors open, and went inside the Wal-Mart. Dispatch advised that the vehicle's registration matched that of the stolen vehicle which belonged to the victim, Ms. Kimberly Enders.
>
>Deputy Alba and Deputy Fraser arrived at the Wal-Mart, located a 2002 Toyota Sienna bearing registration number 1DW 3138 matching the description of the Enders' vehicle parked near the Home and Living section of the Wal-Mart unoccupied. The 9-1-1 caller met the deputies outside and pointed to the individual that had fallen out of the vehicle earlier, identified as the defendant sitting at the trial table, which is Adam Travis Crouse.
>
>The Wal-Mart loss prevention officer advised deputies that Mr. Crouse was assaulting the Coin Star for four minutes prior to the deputies arrival. Upon making contact with Mr. Crouse, deputies observed the odor of alcoholic beverage. Deputy also observed Mr. Crouse swaying attempting to keep his balance while speaking with them and seemed to be in a lethargic state.
>
>Mr. Crouse was escorted to the patrol vehicle. Once outside Mr. Crouse initially read - - unintelligible - - standard field sobriety testing and searched his person. Deputies found three lottery tickets, a mini bottle of Fireball whiskey, a $1 bill, his ID card, and two keys belonging to Ms. Enders' vehicle, a lighter, and sunglasses, and a face mask.
>
>Deputies attempted to confirm with Mr. Crouse whether he would submit to SDFT's when he began to be kind of agitated, pulled away from the deputies and attempted to break free. When the deputies attempted to control Mr. Crouse he spat in the face of both Deputy Alba and Fraser.

ECF No. 14-2 at 17–19. The prosecuting attorney further states, "Deputy Alba would testify that he would not give permission to Mr. Crouse to spit in his face, and that action was offensive in nature." *Id.* at 21.

A global plea agreement was reached on charges that included the June 17, 2020 events at issue in this case. ECF No. 14-2. Crouse pleaded guilty to charges that included assault in the second degree for the June 17, 2020 events. *Id.* at 21.

The transcript also indicates that additional charges were brought against Crouse related to a house that was broken into at 515 Sellrus Court, Fallston, Maryland earlier that day on June 17,

3

2020. ECF No. 14-2 at 19. The homeowner came home to find the garage door half closed, and what appeared to be blood droplets throughout the home. *Id.* The homeowner believed that entry was made through the rear sliding glass door. *Id.* at 19-20. The blood was collected, Crouse's DNA obtained, and the blood was determined to be a match to Crouse. *Id.* at 20. The prosecutor presented the facts and stated what the witnesses "if called to testify" would state. *Id.* at 19–21. Crouse's global plea agreement also included charges related to this incident. *Id.* at 21.

### C. Crouse's Response

Crouse responds to the motion by reiterating his allegations that he was assaulted by Alba. ECF No. 16. He states he was walking across the parking lot, Alba did not identify himself as an officer, and he "attacked me from behind a car knocking me down so hard I came off my feet and I hit my head on the cement parking lot." *Id.* at 1–2. Crouse further states that Alba had his elbow on his neck and would not let him up for four minutes. *Id.* at 2. Crouse required medical care, has a medical bill to pay, and "mental disability" due to Alba's actions. *Id.*

## II. Standard of Review

To defeat a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, and consider the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not

mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

## III. Discussion

Alba seeks dismissal under Rule 12(b)(6) with the following arguments: (1) Crouse fails to state a claim for the denial of medical attention, defamation of character, improper training, and that his rights were not read; and (2) Crouse's factual allegations are barred under judicial estoppel. ECF No. 14-1.

### A. Failure to State a Claim

Alba asserts that Crouse has failed to state a claim for denial of medical attention, defamation of character, improper training, and failure to "read rights." ECF No. 14-1 at 12–15. Alba does not argue that Crouse failed to state a claim for excessive force. *See generally id.* The Court previously provided Crouse with an opportunity to properly address his claims of denial of medical care and failure to train and supervise police officers with the filing of an amended complaint. ECF No. 3. However, in his Amended Complaint, which is now the operative pleading, Crouse did not amplify these claims and made further conclusory statements. ECF No. 4. He states simply in his Amended Complaint that he was denied medical attention, suffered defamation of character, that there was improper training, and that he was not read his "rights." *Id.* at 2. Crouse then states as relief that he is seeking damages for "excessive force." *Id.* at 3.

Crouse's claims as presented in the Amended Complaint pertaining to the denial of medical attention, defamation of character, improper training, and that he was not "read his rights" do not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To comply with the rule, a plaintiff must provide enough detail to illuminate the nature of the claim

5

and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A pleading must give the court and defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted). Although district courts have a duty to construe self-represented pleadings liberally, a plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented). Crouse's conclusory statements are insufficient to state a claim on these additional matters. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Alba's Motion to Dismiss will be granted to the extent that it seeks dismissal of the claims of denial of medical attention, defamation of character, improper training and that he was not "read his rights."

### B. Judicial Estoppel[4]

Alba asserts that Crouse is judicially estopped from arguing "new and contradictory circumstances" that are in conflict with the facts he pleaded guilty to on March 21, 2022. ECF No. 14-1 at 6. The Court disagrees that judicial estoppel applies.

As an initial matter, the Court will consider the transcripts provided by Alba from the criminal proceedings in the Circuit Court for Harford County, Maryland that involve the incident in question. Alba requests that the Court take judicial notice of the transcripts, ECF Nos. 14-1 at 5–6, 14-2, 14-3, and Crouse does not enter an objection to the Court's consideration of the transcripts. In the context of a motion to dismiss, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so

---

[4] In his Response, Crouse states that his excessive force claim is brought under the Eighth Amendment. ECF No. 16 at 1. The Fourth, not Eighth, Amendment controls because the events took place incident to an arrest. *Graham v. Connor*, 490 U.S. 386 (1989).

6

long as the authenticity of these documents is not disputed[.]" *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (also explaining that "[a] district court may clearly take judicial notice of" certain state court records). Courts may consider facts from the public record "so long as these facts are construed in the light most favorable to the plaintiff along with the well-pleaded allegations of the complaint." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citing *B.H. Papasan v. Allain*, 478 U.S. 265, 283 (1986)). The Court will therefore consider the transcripts in reviewing Alba's argument that Crouse's Amended Complaint should be dismissed on the basis of judicial estoppel.

"Judicial estoppel is a principle developed to prevent a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court." *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007) (citation omitted).

> Three elements must be satisfied before judicial estoppel will be applied. "First, the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation." *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996). The position at issue must be one of fact as opposed to one of law or legal theory. *Id.* "Second, the prior inconsistent position must have been accepted by the court." *Id.* Lastly, the party against whom judicial estoppel is to be applied must have "intentionally misled the court to gain unfair advantage." *Tenneco Chems., Inc. v. William T. Burnett & Co.*, 691 F.2d 658, 665 (4th Cir.1982).

*Zinkland*, 478 F.3d at 638; *see also Coster v. Maryland*, Civ. No. GLR-21-65, 2021 WL 5605027, at *7 (D. Md. Nov. 30, 2021); *Tyree v. Baltimore Cnty.*, Civ. No. RDB-10-1084, 2011 WL 836427, at *2 (D. Md. Mar. 4, 2011).

Without specifically reviewing the second and third factors, the Court finds that judicial estoppel does not apply based on the first factor. Crouse's allegations in this case are not inconsistent with the factual basis of his guilty plea. In the Amended Complaint, Crouse alleges that he was "struck by a cop that was hiding behind a car knocking me to the ground." ECF No.

7

4-1 at 1. He alleges that he hit his head and Alba beat him until he was bleeding. *Id.* The facts as presented by the prosecutor at the plea hearing are that Crouse "began to be kind of agitated, pulled away from the deputies and attempted to break free. When the deputies attempted to control Mr. Crouse he spat in the face of both Deputy Alba and Fraser." ECF No. 14-2 at 19.

Crouse's allegation appears to indicate that the force used by Alba when he arrested Crouse was excessive notwithstanding Crouse's own actions. Other than the spitting, there was no discussion at the plea hearing about the nature of the altercation or whether the force used was excessive under the circumstances. It is possible both that Crouse was knocked to the ground by Alba and that he spit in Alba's face.

Alba goes further yet in asserting in his motion that "[a]ny injuries sustained by Mr. Crouse would have been caused by his own doing when he broke into the 515 Sellrus Court address, where Mr. Crouse's blood was found throughout the house." ECF No. 14-1 at 11; ECF No. 14-2 at 18–19. This is pure surmise and speculation on the part of Alba. There is no reference in the facts presented by the prosecutor at the plea hearing indicating the medical condition of Crouse when he was apprehended.

Crouse's allegations are not directly inconsistent with the plea, and Crouse is not judicially estopped from bringing claims of excessive force against Alba.[5]

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is denied in part and granted in part.

---

[5] The Court also notes that the facts presented by the prosecutor were to "support the pleas." ECF No. 14-2 at 17. The prosecutor includes a statement that "Deputy Alba would testify that he did not give permission to Mr. Crouse to spit in his face, and that action was offensive in nature." *Id.* at 21. The record is void of any statement that Crouse agreed that the facts presented by the prosecutor were accurate, as opposed to what the state would present as evidence if the case proceeded to trial.

A separate Order follows.

Dated this 22 day of Aug., 2023.

FOR THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge